UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEEWARD SOUND CORPORATION, a
Florida for-profit corporation

        Plaintiff,

v.                                Case No:  2:14-cv-240-FtM-38DNF

SERVICE INSURANCE COMPANY
and NAPLES INSURANCE
AGENCY, INC.,

        Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff's Motion to Remand (Doc. 26) filed on May 30, 2014. Defendant Service Insurance Company filed a response in opposition on June 14, 2014. (Doc. 28). This matter is now ripe for review.

## Background

Plaintiff Leeward Sound and non-party Leeward Cay at Windstar Homeowners Association, Inc. have paid for flood insurance on the same Naples property for at least ten years to Defendants Service Insurance and Naples Insurance. (Doc. 2, at ¶¶11-12). As a result, Leeward Sound asserts its payments to Service Insurance and Naples Insurance have been duplicative of the homeowner's association payments. (See e.g., Doc. 2, at ¶16). Upon learning of its duplicative payments, Leeward Sound initiated a

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

three count complaint against Service Insurance and Naples Insurance in the County Court of Collier County, Florida. (Doc. 2). The three counts are as follows: negligent misrepresentation (Count I), fraudulent misrepresentation (Count II), and unjust enrichment (Count III). All three counts are brought pursuant to Florida law and are brought against both defendants.[2] Leeward Sound seeks monetary damages.

Procedurally, the Complaint was filed in state court on or about March 11, 2014. Service Insurance was served with the Complaint on or about April 10, 2014. (Doc. 1-1, at 5). Thereafter, on May 1, 2014, Service Insurance without consent from Defendant Naples Insurance Agency, Inc. filed a Notice of Removal. The Notice states Service Insurance perceives the Complaint to "assert[] a federal contract claim."[3] (Doc. 1, at ¶3).

**Standard**

Federal courts are powerless to facilitate cases when they do not properly have jurisdiction over the matter. Univ. of S. Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). A defendant may remove an action if the district court has original jurisdiction. 28 U.S.C. § 1441. The removing defendant bears the burden of proving proper federal jurisdiction. Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008). This burden is heavy especially in light of a plaintiff's right to choose its forum carries more weight than a defendant's right to remove. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Furthermore, "all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of South Alabama, 168 F.3d at 411.

---

[2] All Parties are citizens of Florida. (See Doc. 2, at ¶¶ 1-2, 4-5).
[3] At least one district court within the Eleventh Circuit has found that federal jurisdiction exists in matters such as this and another district court has found that it does not. See Harbor Light Towers Ass'n, Inc. v. Ameriflood, LLC, No. 8:10-cv-2183-T-33EAJ, 2011 WL 2517222 (M.D. Fla. June 23, 2011); Spell v. BAC Home Loans Servicing, LP, No. 2:12cv162-MHT, 2012 WL 1658357 (M.D. Ala. May 11, 2012).

**Discussion**

Leeward Sound asserts this matter should be remanded because each defendant did not consent to removal as required by the rule of unanimity. Service Insurance concedes it did not receive consent from fellow defendant, Naples Insurance Agency, Inc. The Court finds since the claims in this action are brought against both defendants and are not "separate and independent", consent was necessary to properly remove this matter to federal court. The law in the Eleventh Circuit is well-settled that unanimity is necessary. Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1049 (11th Cir. 2001) ("The law is well settled that in cases involving multiple defendants all defendants must consent to the removal of a case to federal court."). This unanimity rule is strictly construed. Diebel v. S.B. Trucking Co., 262 F.Supp.2d 1319, 1328 (M.D. Fla. 2003). "Claims are not 'separate and independent' if they arise from an interlocked series of transactions." Persoff v. Aran, 792 F. Supp. 803, 805 (S.D. Fla. 1992). In this case, there is no question that the claims have their genesis in the same transaction, Leeward Sound Corporation contracting for flood insurance for all of the residences in Leeward Cay. Id. This is especially true in light of all claims being brought against all defendants. Accordingly, the Court finds Service Insurance's notice to be improper because Naples Insurance Agency has not consented to removal. This defect is not cured by Naples Insurance Agency's pending motions. See generally Diebel v. S.B. Trucking Co., 262 F. Supp. 2d 1319, 1329 (M.D. Fla. 2003) (noting that a defect such as failing to consent within the 30 day time frame is not cured by filing an answer and affirmative defenses) (citation omitted); see also Harbor Light Towers Ass'n, Inc. v. Ameriflood, LLC, No. 8:10-cv-2183-T-33EAJ, 2011 WL 2517222 (M.D. Fla. June 23, 2011) (remanding similar matter

to state court because consent from all defendants was not present). For this reason, remand is proper.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Remand ([Doc. 26](#)) is **GRANTED**.

2. This matter is **REMANDED** to the County Court of Collier County, Florida.

3. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Court of the Twentieth Judicial Circuit in and for Collier County, Florida.

4. The Clerk is directed to **CLOSE** this case and terminate any and all previously scheduling deadlines and other pending motions as moot.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of June, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record