UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEEWARD SOUND CORPORATION, a
Florida for-profit corporation

    Plaintiff,

v.                                          Case No:   2:14-cv-240-FtM-38DNF

SERVICE INSURANCE COMPANY and
NAPLES INSURANCE AGENCY, INC.,

    Defendants.

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on the Plaintiff, Leeward Sound Corporation's Motion for Attorneys Fees (Doc. 30).  The Defendant, Service Insurance Company filed an Opposition to Plaintiff's Motion for Attorneys' Fees (Doc. 33) on July 15, 2014.  This matter was referred to his Court.

On May 1, 2014, this action was removed from the 20th Judicial Circuit, Collier County. (Doc. 1) based upon federal question jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 4072, 28 U.S.C. § 1337, 42 U.S.C. § 4072, and separate and independent claim not requiring consent of other defendants citing 28 U.S.C. § 1331(c), and requesting the Court to confer supplemental jurisdiction over any state law claims. (Doc. 1, p. 6-9).  On June 19, 2014, the Honorable Sheri Polster Chappell, United States District Judge entered an Order (Doc. 29) which granted the Plaintiff's Motion to Remand (Doc. 26). Judge Chappell remanded the action on the ground that Service Insurance Company failed to obtain the consent of the co-Defendant, Naples Insurance Agency, Inc. for removal.   (Doc. 29, 3).

In the Motion for Attorneys Fees (Doc. 30), the Plaintiff is requesting that it be awarded attorneys fees and costs pursuant to 28 U.S.C. § 1447(c). Service Insurance Company argues that Plaintiff is not entitled to an award of attorneys' fees and costs.  Pursuant to 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

The Supreme Court held that absent unusual circumstances, attorney fees should not be awarded under §1447(c) unless a party lacks an objectively reasonable basis for removal.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 141 (2005).  "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  *Id*. at 140-141.  The determination of whether to award fees is discretionary.  *Id*. at 141.

Service Insurance Company removed this action claiming federal question jurisdiction, and arguing that there was an exception to the requirement that each defendant must consent to the removal.  Service Insurance Company asserted that the claim against it was a separate and independent claim, not requiring consent of the other defendant. The District Court determined that "[t]he law in the Eleventh Circuit is well-settled that unanimity [of consent] is necessary. *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001)."  (Doc. 29, p. 3).  The District Court further determined that the unanimity rule "is strictly construed."  (Doc. 29, p. 3).  As to whether the claims were separate and independent, the District Court found that "there is no question that the claims have their genesis in the same transaction, Leeward Sound Corporation contracting for flood insurance for all of the residences in Leeward Cay. Id. This is

especially true in light of all claims being brought against all defendants." (Doc. 29, p. 3). The District Court concluded that Co-Defendant, Naples Insurance Agency was required to consent to removal. (Doc. 29, p-. 3)[1.] The language in the District Court's Order (Doc. 29) stating that the law is "well-settled" that all defendants must consent to removal, and that "there is no question" that the claims are not separate and independent leads to a determination that Service Insurance Company lacked an objectively reasonable basis for seeking removal, and the Plaintiff is entitled to an award of attorney's fees.

The Plaintiff is requested $5,188.00 in attorney's fees. To determine a reasonable fee, the Court should utilize the lodestar approach of multiplying the number of hours reasonably expended by a reasonable hourly rate. *Morton v. Nathan & Nathan, P.C.*, 297 Fed. App'x 930, 931 (11th Cir. 2008), *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The party requesting the fee should submit documentation in support of the request. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). If the documentation in support of the request is inadequate, the court may reduce the award accordingly. *Id*. The burden is on the applicant for the fee award to establish an entitlement to the award of fees and the documentation of the appropriate hours, however, a court may determine the award from its own experience if there is a lack of documentation. *Id*. at 437, *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Adjustments to these fees must then be made as necessary in a particular case. *Blum v*. Stenson, 465 U.S. 886, 888 (1984). The court must exclude hours that were not reasonably expended, and hours that are redundant, excessive, or otherwise

---

1 In footnote 3, the District Court acknowledged that although courts have reached different conclusions, at least one district court within the Eleventh Circuit found that federal jurisdiction exists for the federal contract claim asserted in this case. (See, Doc. 29, nt. 3). However, even if there is federal jurisdiction, the District Court determined that all defendants were required to consent to removal.

unnecessary. *Hensley v. Eckerhart*, 461 U.S. at 434. Even when a plaintiff prevails, a court must consider whether the attorney's time was reasonably expended, and if not, the time should be excluded for the fee calculation. *See, Id.*

First, the court must ascertain the hourly rate for the attorney's representation. *Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation." *Norman,* 836 F.2d at 1299. The burden lies with the applicant to establish that the requested rate is in line with the prevailing market rates. *Id*.

Second, the court must determine the reasonable hours expended by counsel. *Duckworth*, 97 F.3d at 1397. The attorney should exercise proper "billing judgment" and exclude those hours that would be unreasonable to bill a client or opposing counsel. *Id*. (citing *Norman*, 836 F.2d at 1301). A court should deduct excessive, unnecessary, and redundant hours and time spent on unsuccessful claims. *Id*. (citing *Norman*, 836 F.2d at 1301-2). The district court has discretion in determining the amount of attorney's fees to be awarded. *Natco Ltd. Partnership v. Moran Towing of Florida, Inc.*, 267 F.3d 1190, 1196 (11th Cir. 2001). When a court finds the number of hours billed to be unreasonably high, a court has two choices, it may review each entry and deduct the unreasonable time or it may reduce the number of hours by an across-the-board cut. *Blivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

Attorney Alfred F. Gal, Jr. is requesting an hourly rate of $345.00 per hour. Mr. Gal supported his request by filing an Affidavit (Doc. 32) of attorney Roger G. McMorrow who states that an hourly rate of $345.00 is reasonable. Mr. Gal has practiced law in Florida since 1998. Service Insurance Corporation failed to argue that this hourly rate was unreasonable. The Court

determines that $345.00 is slightly higher than the Court has found to be the prevailing rate in the past in this area, however absent objection the Court will not lower the rate.

Mr. Gal asserts that he spent 15 hours from the time of removal until the time of remand in this case.  In addition, attorney Stephen E. Samouce is requesting $13.00 for online filing of the Complaint.  Service Insurance Company failed to address the reasonableness of the hours expended. The Court reviewed the hours spent by Mr. Gal on the issue of removal, compliance with the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, and drafting the motion to remand.  The Court determines that these hours are reasonable.  The Court will not award the requested $13.00 for the online filing of the Complaint in this case by Mr. Samouce. Tasks that are clerical and do not require "the full exercise of an attorney's education and judgment" are not reimbursable as attorney's fees.  *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988).   Therefore, the Court will deduct $13.00 from the award, and recommend an award of $5,175.00.

**IT IS RESPECTFULLY RECOMMEDED:**

The Motion for Attorneys Fees (Doc. 30) be **GRANTED in part**, and the Plaintiff be awarded $5,175.00 in attorney fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on July 29, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties