UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEEWARD SOUND CORPORATION, a
Florida for-profit corporation

        Plaintiff,

v.                                          Case No:  2:14-cv-240-FtM-38DNF

SERVICE INSURANCE COMPANY
and NAPLES INSURANCE AGENCY,
INC.,

        Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court upon consideration of United States Magistrate Judge Douglas Frazier's Report and Recommendation (Doc. #34) filed on July 29, 2014.  Judge Frazier recommends granting Plaintiff's Motion for Attorneys Fees (Doc. #30) in part.  Defendant filed objections to the Report and Recommendation (Doc. #35) on August 12, 2014, and Plaintiff failed to respond.  The matter is now ripe for review.

## **STANDARD OF REVIEW**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  *See* 28 U.S.C. § 636(b)(1); *United States v. Powell*, 628

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See* Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994). A district court may not reject the credibility determination of a magistrate judge without personally rehearing disputed testimony from the witness. *See* Powell, 628 F.3d at 1256-58.

## DISCUSSION

Upon due consideration of the Report and Recommendation and an independent examination of the file, the Court accepts the findings and recommendations under the rationale set forth below.

On August 12, 2014, Defendant filed objections to Judge Frazier's Report and Recommendation, seeking the Court to reject Judge Frazier's finding that Plaintiff is entitled to attorneys fees. (*See* Doc. #35). Defendant's primary objection incorporates an argument that Plaintiff's Motion for Remand was "unnecessary and duplicative." (Doc. #35 at 2). To support this contention, Defendant first notes that the Court ordered Defendant to provide a brief on its basis for subject-matter jurisdiction prior to Plaintiff filing its Motion for Remand. (Doc. #35 at 2). Second, Defendant avers that because the Court ordered the subject-matter jurisdiction briefing prior to Plaintiff's Motion for Remand, Plaintiff's fees incurred in preparing and filing the Motion for Remand were "incurred voluntarily, not out of necessity." (Doc. #35 at 2). As such, Defendant asserts that an award of attorneys fees would be improper because "it is highly likely that [the] Court

2

would have ruled in an identical manner had [Plaintiff] not filed a Motion for Remand."[2] (Doc. #35 at 3).

It is well-established that "[a]n order remanding [an action] may require payment of just costs and any actual expenses, including attorneys fees incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision of whether to award attorneys fees under § 1447(c) lies at the Court's discretion. *Liebig v. DeJoy*, 814 F. Supp. 1074, 1077 (M.D. Fla. 1993) (internal citations omitted). Courts throughout this district uniformly hold that a showing of bad faith on the part of the defendant is not a prerequisite to recovery of fees under § 1447(c). *See id.*; *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001) (noting that "a showing of bad faith is not necessary as a predicate to the award of attorney's fees" under § 1447(c)). Instead, the "intent of [§ 1447(c)] is to reimburse plaintiffs who have incurred expenses in attacking improper removals." *Liebig*, 814 F. Supp. at 1077.

In recommending that Plaintiff's Motion for Attorneys Fees be granted, Judge Frazier relied extensively on the Court's Order granting Plaintiff's Motion to Remand (Doc. #29). (Doc. #34). In that order, the Court rejected Defendant's argument that the claim against it was separate and independent, thereby not requiring the consent of its co-defendant. (Doc. #29 at 3). Instead, the Court found that there was no question that the claims had their genesis in the same transaction, requiring consent of all defendants before removal is proper. (Doc. #29 at 3). Because the Eleventh Circuit articulated that unanimity of consent is necessary and that the rule of unanimity is strictly construed, the

---

[2] Defendant's remaining objections relate to the Court's jurisdiction over this action. Because the Court has already addressed the improper removal to this Court and remanded this action in its Order granting Plaintiff's Motion to Remand (Doc. #29), the Court rejects the remaining objections as moot.

3

Court found that Defendant's removal to this Court was improper.  (Doc. #29 at 3). Based on these findings, Judge Frazier determined that Defendant "lacked an objectively reasonable basis for seeking removal, and [Plainitff was] entitled to an award of attorneys fees." (Doc. #34 at 3). The Court agrees.

Although Defendant correctly notes that the Court *sue sponte* requested a briefing on its subject-matter jurisdiction over this action (Doc. # 22), this request does not prevent or preclude Plaintiff from filing its own Motion to Remand.  While Defendant views Plaintiff's Motion to Remand as "unnecessary and duplicative," the Court disagrees. The Motion to Remand provided Plaintiff with an opportunity to assert its own arguments regarding why the Court lacked subject-matter jurisdiction and why removal was improper, including arguments beyond those the Court requested Defendant to brief in its *sua sponte* order. (*Compare* Doc. #22 with Doc. #26).  The fact that Plaintiff included an argument in its Motion to Remand regarding the lack of consent of a co-defendant, which the Court requested briefing on in its *sua sponte* order, does not preclude Plaintiff from recovering its attorneys fees incurred as a result of the improper removal.[3]

Based on the foregoing, the Court finds that the award of Plaintiff's attorneys fees incurred as a result of Defendant's removal to this Court is proper.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation of United States Magistrate Judge Douglas Frazier (Doc. #34) is **ADOPTED** and the findings incorporated herein.

---

[3] Because Defendant failed to object to the hourly rate or the hours expended specified in Plaintiff's Motion for Attorneys Fees (Doc. #30), the Court will not address the reasonableness of either, and adopts Judge Frazier's findings.  (*See* Doc. #34 at 4-5).

2. Plaintiff Leeward Sound Corporation's Motion for Attorneys Fees (Doc. #30) is **GRANTED in part**.

3. Plaintiff Leeward Sound Corporation is awarded $5,175.00 in attorneys fees.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of September, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record